# UNITED STATES BANKRUPTCY COURT
# DISTRICT OF NEW MEXICO

In re:   JOHN D. ROLSTON,                                  No. 7-04-19035 MA

    Debtor.
_____

KENNETH B. MILLER,

    Plaintiff,

v.                                                          Adversary No. 07-1037 M

JOHN D. ROLSTON, a/k/a DOC
ROLSTON, d/b/a HIGHER GROUND
OUTFITTERS AND GUIDE SERVICE,

    Defendant.

## ORDER GRANTING MOTION TO DISMISS ADVERSARY PROCEEDING

THIS MATTER is before the Court on the Defendant's Motion to Dismiss Adversary Proceeding ("Motion to Dismiss").  Defendant seeks dismissal of this adversary proceeding on grounds that the Complaint to Determine Dischargeability of Debt ("Complaint") was not filed within the time limit proscribed by Rule 4007, Fed.R.Bankr.P.   The Court heard oral argument on the Motion to Dismiss on June 11, 2007 and took the matter under advisement.   Based on the record of this proceeding and the Defendant's bankruptcy proceeding, and based upon Plaintiff's acknowledgment at the final hearing on the Motion to Dismiss that Plaintiff had actual notice of Defendant's bankruptcy proceeding in December of 2005, the Court finds that Plaintiff's Complaint to determine the dischargeability of a particular debt under 11 U.S.C. § 523(a)(2)(A) and/or (a)(4) is untimely.  Consequently, the Court will grant the Motion to Dismiss and in connection therewith finds:

1

1. Defendant filed a voluntary petition under Chapter 7 of the Bankruptcy Code on December 13, 2004 as Case No. 7-04-19035 MA.

2. Plaintiff was not listed as a creditor or otherwise in Defendant's statements or schedules filed in Defendant's bankruptcy proceeding, and was not listed in the mailing matrix submitted by the Defendant upon the filing of his voluntary bankruptcy petition.

3. Plaintiff did not receive notice of the meeting of creditors or the notice of the deadline for filing complaints objecting to discharge or objecting to the dischargeability of a particular debt in connection with Defendant's bankruptcy proceeding.

4. The deadline for filing complaints objecting to discharge or objecting to the dischargeability of a particular debt is sixty days from the date first set for the meeting of creditors held in accordance with 11 U.S.C. § 341.  *See* Rule 4004(c)(1) and Rule 4007©, Fed.R.Bankr.P.

5.  Sixty days from the date first set for the meeting of creditors in Defendant's bankruptcy proceeding was March 22, 2005.

6.  Although Plaintiff did not receive notice of the meeting of creditors or the deadline for filing complaints objecting to the dischargeability of a particular debt, Plaintiff received actual notice of the pendency of Defendant's bankruptcy proceeding in December of 2005.

7.  Plaintiff filed this adversary proceeding to determine the dischargeability of a particular debt under 11 U.S.C. § 523(a)(2)(A) and/or (a)(4) on March 5, 2007.

8.   Pursuant to 11 U.S.C. 523(a)(3), a debt that is neither listed nor scheduled in a debtor's bankruptcy statements or schedules may be non-dischargeable.  That section provides, in relevant part:

(a) A discharge under 727 . . . of this title does not discharge an individual debtor from any debt --
> (3) neither listed nor scheduled under section 521(l) of this title, with the name, if known to the debtor, of the creditor to whom such debt is owed, in time to permit --
>> . . . .
>> (B) if such debt is of a kind specified in paragraph (2), (4), or (6) of this subsection, timely filing of a proof of claim and timely request for a determination of dischargeability of such debt under one of such paragraphs, unless such creditor had notice or actual knowledge of the case in time for such timely filing and request[.]

11 U.S.C. § 523(a)(3)(B).

9. Under this code section, actual notice of the bankruptcy proceeding in time to comply with the deadlines is sufficient, so that an untimely complaint will be dismissed where the creditor had actual knowledge of the bankruptcy proceeding even though the creditor did not receive formal notice of the deadlines. *See, e.g., Yukon Self Storage Fund v. Green (In re Green),* 876 F.2d 854, 855 (10th Cir. 1989)(holding that creditor who did not receive formal notice of the filing of the debtor's petition but had actual notice just after the petition date was bound to the bar date for filing complaints objecting to dischargeability); *Sanchez Ramos v. Compton (In re Compton),* 891 F.2d 1180, 1185-1187 (5th Cir. 1990); *In re Muse,* 289 B.R. 619, 623 (Bankr.W.D.Pa. 2003) (dismissing complaint to determine dischargeability of debt where plaintiff did not receive notice of the deadline, but had actual notice of the bankruptcy proceeding some seventy-seven days prior to the expiration of the deadline for filing such a complaint, noting that "[i]t is a well-established and widely-held rule that a creditor having actual knowledge of a bankruptcy filing and a reasonable opportunity to object to the discharge of a debt pursuant to § 523(a)(2)(A) may not file an a complaint after the prescribed deadline for doing so has passed.")(citations omitted).

3

10. In this case, Plaintiff did not receive any formal notice of the deadline to file complaints objecting to the dischargeability of a particular debt, nor did Plaintiff have actual notice of the Defendant's bankruptcy proceeding in advance of the expiration of the deadline for filing dischargeability complaints.  Plaintiff did not receive actual notice of Defendant's bankruptcy proceeding until well after the deadline for filing dischargeability complaints had expired.

11. Nevertheless, Plaintiff did not file this adversary proceeding until more than a year after Plaintiff had actual notice of the filing of Defendant's bankruptcy proceeding.  Under these circumstances, the Court finds that the doctrine of laches warrants dismissal of this adversary proceeding. "[C]ourts will apply the doctrine of laches when the following two elements are met: '(1) lack of diligence by the party against whom the defense is asserted, and (2) prejudice to the party asserting the defense.'" *In re Parker,* 264 B.R. 685, 692 (10th Cir. BAP 2001), *aff'd,* 313 F.2d 1267 (10th Cir. 2002) (quoting *Costello v. United States*, 365 U.S. 265, 282, 81 S.Ct. 534, 5 L.Ed.2d 551 (1961)).  Here, Plaintiff did not act diligently in evaluating its claim and initiating this adversary proceeding, and, if the adversary proceeding is not dismissed, Defendant will be prejudiced by having to defend a complaint objecting to the discharge of a particular debt well outside the deadline for bringing such causes of action.

12. Pursuant to Rule 4007(c), Fed.R.Bankr.P., "[a] complaint to determine the dischargeability of a debt . . . shall be filed no later than 60 days after the first date set for the meeting of creditors under § 341(a)."  Any motion to extend the time for filing a dischargeability complaint must be filed before the original time period has expired. *Id.*  A motion seeking to extend the deadline may only be granted "for cause." *Id.*

4


13. The deadlines imposed by Rule 4007(c) are extremely rigid. *See Themy v. Yu (In re Themy),* 6 F.3d 688, 689 (10th Cir. 1993) (noting that "4007(c) set[s] a strict sixty-day time limit within which a creditor may dispute the discharge of the debtor and the dischargeability of debts" and that "Rule 9006(b)(3) provides that a 'court may enlarge the time for taking action under Rules . . . 4004(a) [and] 4007(c) . . . only to the extent and under the conditions stated in those rules[,]'" so that "[t]ogether, these rules prohibit a court from sua sponte extending the time in which to file dischargeability complaints.")(citations omitted). *See also, In re O'Shaughnessy,* 252 B.R. 722, 731 (Bankr.N.D.Ill. 2000) (noting that "[b]ecause Rule 9006(b)(3) restricts the discretion of bankruptcy courts to extend this sixty-day period, courts have generally viewed the deadline fixed by Rule 4007© to be "set in stone.") (citing *Federal Deposit Ins. Corp. v. Kirsch (In re Kirsch)*, 65 B.R. 297, 300 (Bankr.N.D.Ill.1986)). Once the time period for filing a complaint to determine the dischargeability of a particular debt expires, "the filing period cannot be extended on grounds of excusable neglect or otherwise." *O'Shaughnessy,* 252 B.R. at 731 (citation omitted).

13. In *O'Shaughnessy,* the bankruptcy court granted a creditor's motion to extend the deadline for filing a complaint to determine dischargeability where the creditor did not receive timely or reasonable notice of the bankruptcy or the deadline for filing complaints to determine the dischargeability of a particular debt until after the deadlines had expired, even though the creditor did not file its motion to extend the deadline until six months after it had actual notice of the bankruptcy. *O'Shaughnessy,* 252 B.R. at 733. Similarly, in *In re Eliscu,* 85 B.R. 480 (Bankr.N.D.Ill. 1998), the creditor did not receive actual notice of the bankruptcy or the deadline for filing complaints to determine the dischargeability of a particular debt until forty-five days

5

after the deadline had expired.  The court granted the creditor's late-filed motion to extend the deadline, reasoning that Fifth Amendment due process notice considerations "take precedence over the discharge provisions of the Bankruptcy Code where the debtor has knowledge of claims and fails to inform claimants of the pendency of the proceedings." *Eliscu,* 85 B.R. at 482 (citing *Mullane v. Central Hanover Bank & Trust Co.*, 339 U.S. 306, 70 S.Ct. 652, 94 L.Ed. 865 (1950)).

13.  Here, even though Plaintiff did not receive notice of the Defendant's bankruptcy proceeding until after the expiration of the deadline for filing a complaint to determine the dischargeability of a particular debt, the Court finds that the Plaintiff's delay in filing the Complaint and failure to seek an extension of time are not excusable.  This case is thus distinguishable from *O'Shaughnessy* inasmuch as Plaintiff's delay was for a significantly longer period after Plaintiff had actual notice of the Defendant's bankruptcy proceeding.[1]  Even if the Court were to apply the sixty-day deadline contained in Rule 4007(c) from the date Plaintiff acknowledges it had actual notice of Defendant's bankruptcy proceeding, Plaintiff's Complaint was filed well outside that period.[2]  Thus, under these circumstances, where Plaintiff took no action to protect its rights in the bankruptcy until more than a year after it became aware of the proceeding, and where the restrictions imposed by Rule 4007, Fed.R.Bankr.P. are extremely rigid, leaving the Court with little or no discretion within which to extend deadlines, the Court

---

[1]*Eliscu* did not indicate how much time had elapsed between the creditor's actual notice of the debtor's bankruptcy (received 45 days after the expiration of the deadline) and the date the creditor filed its motion for extension of time.  *Eliscu,* 85 B.R. at 481.

[2]*See Eliscu,* 85 B.R. at 481 (noting that the court in *In re Schwartz & Meyers,* 64 B.R. 948 (Bankr.S.D.N.Y. 1986) "held that the time limitations contained in Rule 4007(c) are not triggered as to a particular creditor unless and until that creditor is apprised of the proceeding.")

6

finds that the Complaint is time-barred.

        WHEREFORE, IT IS HEREBY ORDERED, that the Motion to Dismiss is GRANTED.

                                                          _____
                                                           MARK B. McFEELEY
                                                            United States Bankruptcy Judge

COPY TO:

| | |
|---|---|
| Jearl R Lindley | Gerald R. Velarde |
| John R. Hakanson | Attorney for Defendant |
| Attorneys for Plaintiff | 2531 Wyoming Blvd. NE |
| 307 E 11th Street | Albuquerque, NM 87112 |
| Alamogordo, NM 88310 | |

7